

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00922-CR

Michele Valdez **VALDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR0909
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:        Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Irene Rios, Justice

Delivered and Filed: January 16, 2019

DISMISSED

The trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; Rule 25.2(a)(2) applies. *See* TEX. R. APP. P. 25.2(a)(2). This court must dismiss this appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *Id.* R. 25.2(d); *see Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

On December 5, 2018, we notified Appellant that this appeal would be dismissed under Rule 25.2(d) unless an amended trial court certification showing that Appellant has the right of appeal was made part of the appellate record by January 4, 2019. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174, 176 (Tex. App.—San Antonio 2003, no pet.). To date, no response has been filed.

Absent an amended trial court certification showing that Appellant has the right of appeal, Rule 25.2(d) requires this court to dismiss this appeal. *See Dears*, 154 S.W.3d at 613; *Daniels*, 110 S.W.3d at 176. Accordingly, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH